COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-071-CR

 

 

CHARLES
WALTER HILL, JR.                                                 APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

                           MEMORANDUM
OPINION[1]

                                              ------------








A jury found appellant Charles Walter Hill, Jr.
guilty of aggravated robbery with a deadly weapon and assessed his punishment
at thirty-six years= incarceration.  We affirmed the conviction on appeal.[2]  Appellant complains in this subsequent appeal
that the trial court abused its discretion in denying his postconviction motion
for DNA testing because it found that identity was not an issue based solely on
his written confession.  We affirm.

After his arrest, appellant provided the
following written confession to the police:

I had seen this fellow
that was going to his car and I had said to a group of people I was with Awhere was the gun?@ and they said Ain the bushes@ and I went and got
it.  It was an old rusty revolver.  I went over there and I stuck the guy
up.  I took just his little jewelry and
his wallet and his white car.

 

Appellant later denied making the confession to the police and entered
a plea of not guilty.

In reviewing a trial court=s
decision on a motion for DNA testing, we employ a bifurcated standard of
review.[3]  We defer to the trial court=s
determination of issues of historical fact and issues that turn on credibility
and demeanor, while we review de novo whether the trial court was required to
grant a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.[4]








A trial court is not required to grant a request
for DNA testing unless the statutory preconditions are met.[5]  Under article 64.03(a)(1)(A) and (B), a trial
court is required to grant an appellant=s motion
for DNA testing only if the court finds (1) that DNA evidence still exists in a
condition that makes DNA testing possible, and (2) that identity was or is an
issue in the case.[6]  Article 64.03(b) further provides that

[a] convicted person who pleaded guilty or nolo
contendere in the case may submit a motion under this chapter, and the
convicting court is prohibited from finding that identity was not an issue in
the case solely on the basis of that plea.[7]








Contrary to appellant=s
suggestion that the trial court based its ruling solely on his written
confession, the record reflects that the trial court also found that no DNA
evidence exists.  Appellant does not
challenge the trial court=s finding that no DNA evidence
exists.  He argues only that article
64.03(b) prohibited the trial court from considering his written confession for
purposes of determining whether identity was an issue when it denied his motion
for DNA testing.  Because appellant=s motion
for DNA testing was properly denied on the finding that there is no DNA
evidence in existence that makes DNA testing possible, we do not reach the
question of whether it was proper for the trial court to consider appellant=s
written confession in determining whether identity was an issue.

Accordingly, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

 

PANEL F:  CAYCE, C.J.;
LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  December 7, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Hill v. State, No. 02-97-00704-CR
(Tex. App.CFort Worth Aug. 27, 1998,
no pet.) (not designated for publication).





[3]Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002) (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997)).





[4]Whitaker v. State, 160 S.W.3d 5, 8 (Tex.
Crim. App.), cert. denied, 543 U.S. 864 (2004); Rivera, 89 S.W.3d
at 59.





[5]Bell v. State, 90 S.W.3d 301, 306
(Tex. Crim. App. 2002).





[6]Tex.
Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2006).





[7]Id. art. 64.03(b).